UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| CHARLES EDWARD HUTSELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:19-CV-187-REW |
| | ) | |
| v. | ) | |
| | ) | |
| HYDEE HAWKINS, et al., | ) | OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Charles Hutsell is an inmate at FCI – McKean in Lewis Run, Pennsylvania. Proceeding without an attorney, Hutsell filed a civil rights complaint against an Assistant United States Attorney, an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and a Kentucky State Police detective. DE #1 (Complaint). The Court granted Hutsell's motion for leave to proceed *in forma pauperis*, *see* DE #7, and now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). Because relevant Supreme Court precedent bars Hutsell's claims, the Court dismisses the Complaint in its entirety.

**I.**

Hutsell pleaded guilty in 2010 to two counts of cocaine base distribution (one count involving five or more grams), in violation of 21 U.S.C. § 841(a)(1). *See United States v. Hutsell*, No. 5:10-cr-078-JMH-20 (E.D. Ky. 2010) at DE #332 (Rearraignment Minutes). Then-presiding Judge Forester sentenced Hutsell to 144 months in prison, all per the plea agreement. *See id.* at DE #459 (Judgment); *see also id.* at DE #333 (Plea Agreement). The case was later reassigned to Judge Hood, *id.* at DE #675, who (in 2015) partially granted Hutsell's 28 U.S.C. § 2255 motion and reduced Hutsell's sentence of incarceration to 120 months based on intervening Fair Sentencing

Act changes.[1] *See id.* at DE #745 (Order granting partial § 2255 relief); *id.* at DE #746 (Amended Judgment). Judge Hood denied § 2255 relief on all other asserted grounds. *Id.* at DE #762 (Order).

## II.

Hutsell claims that AUSA Hawkins, ATF Agent Putman, and KSP Detective Kirkland committed "fraud on the court" and "engaged in a pattern of fraudulent, misleading discovery and unconstitutional and illegal conduct by 'manufacturing evidence' and 'lying' under oath in federal court, resulting in their arrest of Plaintiff and obtaining judgment in their favor in the district court." DE #1 at 3. Hutsell further claims that Defendants improperly arrested him without a warrant. *See id.* at 3–4.[2] Hutsell seeks both damages and a "preliminary and permanent injunction ordering [Defendants] to cease judgment under [criminal] Case Number #10-78." *Id.* at 5. Functionally, Hutsell attempts to collaterally attack the validity of his criminal judgment via § 1983 and seeks to obtain monetary damages in the process.

The *in forma pauperis* statute provides that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2); *accord* § 1915A(b)(1). Hutsell's Complaint fails to state a cognizable claim for relief. Section 1983 is not an appropriate vehicle to challenge a conviction or sentence. *Preiser v. Rodriguez*, 93 S. Ct. 1827, 1841 (1973) (holding that, if a prisoner is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that

---

[1] Hutsell entered a binding plea to Counts 5 and 6 of the Third Superseding Indictment (DE #308); Count 5 carried a maximum imprisonment term of 30 years, and Count 6 carried a minimum of ten years. Hutsell agreed to 144 months, given the then-applicable mandatory 240-month minimum on the Count 1 charge against Hutsell. Considering the Fair Sentencing Act's changes, however, the United States advocated for a reduction to 120 months "in order to give Hutsell the benefit of no longer being subject to a statutory minimum sentence of 240 months imprisonment on Count 1 . . . the basis for his willingness to enter a binding guilty plea to a term of 144 months[.]" DE #704.

[2] The record shows Hutsell was already in custody in a related case in this District, 5:10-cr-73-JMH.

2

he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). And, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff" must first demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994); *see also Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998) (clarifying that *Heck* applies to *Bivens* actions). The *Heck* Court expressed continuing reluctance "to expand opportunities for collateral attack," *id.* at 2371, and recognized that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement," *id.* at 2372. In sum: "A [§ 1983] claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief[,]" absent prior invalidation of the underlying criminal judgment. *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing *Heck*, 114 S. Ct. at 2373–74, and *Preiser*, 93 S. Ct. at 1836–37).

Hutsell's allegations—that Defendants manufactured evidence, lied under oath, and arrested him without a warrant, all leading to his convictions—would necessarily call into question the validity of his criminal judgment, if substantiated.[3] Yet, Plaintiff has not shown (and the Court

---

[3] Courts have consistently found *Heck* to preclude such a "fraud on the court" theory. *See, e.g.*, *Iannucci v. State of Michigan*, No. 16-CV-10255, 2016 WL 4089215, at *1 (E.D. Mich. Aug. 2, 2016), *aff'd sub nom. Iannucci v. State*, No. 16-2214, 2017 WL 3951849 (6th Cir. Mar. 22, 2017) (adopting the Magistrate Judge's conclusion that *Heck* barred a claim that "Defendants committed fraud (including perjury and fabricating evidence) during [the plaintiff's] criminal case"); *Washington v. Ohio*, No. 107 CV 15, 2007 WL 851884, at *1 (N.D. Ohio Mar. 19, 2007) (finding that *Heck* and *Preiser* barred the plaintiff's § 1983 claim asserting constitutional violations in an underlying criminal case); *Bush v. 8th Circuit Court*, No. 1:18-CV-248, 2018 WL 2714944, at *2–

has not independently located any information indicating) that Hutsell's convictions or sentence have been overturned or invalidated. Indeed, Judge Hood limited relief to a resentencing, otherwise fully denying Hutsell's § 2255 motion. Thus, neither may Hutsell collaterally challenge the constitutionality of his criminal convictions or sentence, nor (given *Heck*) may he pursue related monetary damages, via § 1983.

### III.

Hutsell cannot use § 1983 to challenge the validity of his criminal judgment, and he has not shown its prior invalidation as required to seek monetary damages per *Heck*. Consequently, the Complaint fails to state a claim on which the Court can grant relief at this time. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (affirming dismissal of a *Heck*-barred complaint for failure to state a claim); *accord Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004).

Accordingly, the Court **DISMISSES** the Complaint (DE #1), without prejudice. A corresponding Judgment follows.

This the 17th day of June, 2019.



Signed By:
*Robert E. Wier*
United States District Judge

---

*3 (W.D. Mich. June 6, 2018) (addressing the plaintiff's allegations of allegedly unconstitutional conduct "amount[ing] to a fraud upon the court" and dismissing them per *Heck* "[t]o the extent Plaintiff [sought] injunctive, declaratory, and monetary relief"); *Smiles v. City of Grand Rapids*, No. 1:08-CV-660, 2008 WL 5071723, at *4 (W.D. Mich. Nov. 24, 2008) (noting that the plaintiff's complaint claiming that his underlying judgment was obtained by fraud was "the prototypical action that *Heck* [wa]s designed to prevent in this setting").

4